IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. REDSHAW,<br>                Plaintiff,<br><br>vs.<br><br>DR. PILLAI, Resident Psychiatrist; MS. BELL, Unit Manager; MRS. WILLIAMS, Unit Counselor,<br>                Defendants. | Civil Action No. 12-190J<br><br>Judge Kim R. Gibson/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 21 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss or in the Alternative for Judgment on the Pleadings [ECF No. 21] be granted.[1]

### II. REPORT

#### A. PROCEDURAL BACKGROUND

Plaintiff William Redshaw ("Plaintiff"), an inmate currently incarcerated at the State Correctional Institution at Somerset ("SCI-Somerset"), in Somerset, Pennsylvania, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants have violated his constitutional rights against cruel and unusual punishment by exhibiting deliberate indifference to his mental health needs. In particular, Plaintiff alleges that his mental health has deteriorated as a result of changes to his psychotropic medication after his transfer to SCI-Somerset in June 2012. Plaintiff alleges that he was wrongfully taken off antidepressant and

---

[1] The Motion to Dismiss or in the Alternative for Judgment on the Pleadings was filed on behalf of Dr. Pillai. However, Defendants Ms. Bell and Ms. Williams have joined in the Motion to Dismiss and request that this Court dismiss Plaintiff's Complaint against each of them with prejudice. [ECF No. 26].

1

antianxiety medication that had been prescribed by his previous psychiatrist. In addition, Plaintiff asserts that he was not given proper dosages of Trilafon. Plaintiff alleges he informed Dr. Pillai, the Resident Psychiatrist at SCI – Somerset, that he needed his previously prescribed medications to control potential hallucinations and violent outbursts. Plaintiff alleges that the failure to prescribe his desired medication was an intentional and deliberate attempt to provoke violent outbursts, which would subject him to disciplinary action. Plaintiff also alleges that throughout his incarceration at SCI – Somerset, he has continued to request the medication, but it has been denied. Additionally, Plaintiff requested and was denied a single occupancy cell to prevent expected violent outbursts and/or transfer to a mental hospital or mental health DOC facility. Plaintiff's Complaint alleges that his requests were denied because of deliberate indifference to his medical condition, resulting in pain and suffering. [ECF No. 3].

In reviewing the procedural background of this case, it must be noted that this case is the second lawsuit filed by Plaintiff concerning changes to his psychotropic medication while incarcerated at Pennsylvania Department of Corrections ("DOC") facilities. Plaintiff's first lawsuit, Redshaw v. Deborah Glasheen, No. 12-1150 (M.D. Pa.) ("Glasheen action"), arose out of his incarceration at SCI – Camp Hill for the period March 12, 2012, through June 2012. In the Complaint, Plaintiff alleged he was taken off antidepressant and antipsychotic medications by the Resident Psychiatrist at SCI – Camp Hill.[2] The Glasheen action was dismissed because of Plaintiff's admitted "profound procedural failure" to exhaust administrative remedies before filing his complaint. Redshaw v. Deborah Glasheen, No. 12-1150 (M.D. Pa. Feb. 8, 2013), *report and recommendation adopted*, No. 12-1150 (M.D. Pa. April 1, 2013). Magistrate Judge Carlson's well-written and thorough opinion explains the exhaustion requirement set forth in the

---

[2] In both the Glasheen action and this action, Plaintiff seeks the reinstatement of all medications previously prescribed by Doctors McGavin and McCallister, psychiatrists at Mercy Behavioral Health in Pittsburgh,

2

Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), noting that while the failure to timely and fully pursue available DOC administrative remedies is not necessarily a jurisdictional bar to litigation, it is strictly enforced by the courts as promoting several important public policies. Id., at p. 4. Accordingly, Plaintiff's admitted failure to comply with the established DOC grievance process warranted dismissal of the Glasheen action. Id.

In the instant case, Defendants have filed a Motion to Dismiss or in the Alternative for Judgment on the Pleadings [ECF No. 21], contending that dismissal of Plaintiff's current action is appropriate because Plaintiff has failed to exhaust available administrative remedies with regard to his mental health claims. In particular, Defendants contend that Plaintiff failed to submit appeals of the denial his grievances related to his mental health treatment and medication to the SOIGA for final review. Defendants contend that this omission is fatal to Plaintiff's action under the express provisions of the Prison Litigation Reform Act.

### B. STANDARD OF REVIEW

As a preliminary matter, this Court shall treat the instant motion exclusively as a Motion to Dismiss. When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.

In addition, and with particular relevance to Plaintiff's action, the court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d

410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n. 22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). Upon review, a complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000).

The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Supreme Court held that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678. Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.

In Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit provided a two-part test to determine whether a claim survives a motion to dismiss. "First, the factual and legal elements of a claim should be

separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' The plaintiff must show 'the allegations of his or her complaints are plausible. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.' [This] 'plausibility' determination will be 'a context – specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679).

Finally, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

### C. DISCUSSION

#### 1. DOC Grievance Process

Pursuant to 37 Pa. C.S.A. § 93.9, the DOC grievance system is conducted in accordance with Administrative Directive DC-804, and includes a three-step process for review of inmate grievances. See Booth v. Churner, 206 F.3d 289, 293, n. 2 (3d Cir. 2000). This three-step process requires an inmate to file an initial grievance (Step One), an appeal to the Superintendent (Step Two), and an appeal for final review (Step Three) to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). To file an initial grievance, an inmate must submit to the Facility Grievance Coordinator a completed DC-804, Part 1 grievance form. Id.; and see, ECF No. 22-2 p.6. The inmate must specifically state any claims he or she wishes to make concerning violations of DOC directives, regulations, court orders, or other law and state the relief sought.

5

The grievance must be submitted within fifteen working days after the event in question. If the grievance is denied, the inmate may appeal within ten days to the Facility Manager. If the inmate is dissatisfied with the decision of the Facility Manager, he may then appeal to SOIGA within fifteen days of the Facility Manager's decision. See, ECF No. 22-2, pp. 13-15.

### 2. PLRA

The PLRA, 42 U.S.C. § 1997e(a), provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In accordance with the PLRA, the exhaustion of available administrative remedies is mandatory. Booth v. Churner, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000).

The PLRA also requires proper exhaustion. Woodford v. Ngo, 548 U.S. 81 (2006); Spruill v. Gillis, 372 F.3d 218, 227–31 (3d Cir. 2004). Thus, the PLRA requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. Id. at 231. The prison grievance procedures supply the yardstick for measuring whether exhaustion was proper. Id. See also Jones v. Block, 549 U.S. 199, 218 (2007)("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

### 3. Failure to Plaintiff to Exhaust DOC Grievance Process

The exhibits to Plaintiff's Complaint show that he filed well over a dozen DC-135A "Inmate's Request to Staff Member" forms during the period of his initial incarceration at SCI-Somerset, but only filed two DC-804 Official Inmate Grievances, Nos. 418296 and 419648. [ECF Nos. 3-3, p. 3, p. 22]. The grievances allege that each of the Defendants have failed to accommodate Plaintiff's immediate needs for medication and psychiatric care. The exhibits to Plaintiff's Complaint establish that an Initial Review Response to Grievance No. 418296 was provided to Plaintiff on July 3, 2012, indicating that his psychological needs were being addressed in his specialized housing unit and would be formally reviewed on July 11, 2012. [ECF 3-3, p. 9]. Defendants have provided a copy of the Initial Review to Grievance No. 419648, which was submitted to Plaintiff by the SCI-Somerset Corrections Health Care Administrator on July 31, 2012, indicating that Plaintiff was seen by the Medical Department for "psychological issues" before and after filing his grievance. [ECF No. 28-1, p. 2].

The records filed in the <u>Glasheen</u> action, and provided to this Court in support of Defendants' Motion, establish unequivocally that Plaintiff did not file an Appeal to Final Review as to either of the two grievances underlying his claims in this action.

Plaintiff has filed a response indicating that his failure to comply with the grievance process resulted from DOC "obstruction to the grievance process" by failing to timely respond to his grievances. [ECF No. 27]. However, the record is clear that with regard to both grievances concerning his mental health treatment and medication at SCI-Somerset, timely responses were provided, and Plaintiff failed to timely appeal for final review to the SOIGA.

Contrary to Plaintiff's assertion, Plaintiff's initial grievance, No. 418296, grieving, *inter alia,* (1) the inability to see Dr. Pillai at will, (2) Mrs. Williams' disregard for his complaints, and

(3) the change in his medication, was responded to on July 11, 2012. [ECF No. 3-3, pp. 3-4, 9]. Similarly, Plaintiff's second grievance, No. 419648, identifying all three Defendants and again complaining about the changes to his medication and mental health treatment, was submitted by him on July 11, 2012, and was denied on July 31, 2012. [ECF No. 3-3, p. 22, ECF No. 28-1, p.2]. As reflected by the materials filed with the Court in the Glasheen action, Plaintiff has previously completed the DOC three-step administrative grievance process through final review with regard to other issues, but failed to do so with respect to his mental health claims.[3] It is apparent that Plaintiff had access to the administrative review process and could have pursued administrative remedies in the time allotted. Plaintiff's profound failure to comply with the DOC grievance procedure prior to filing this action requires dismissal.

Because amendment of Plaintiff's Complaint would not overcome the procedural deficiencies warranting dismissal at this time and because any such amendment would be futile, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice.

D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss or in the Alternative Motion for Judgment on the Pleadings [ECF Nos. 21, 26] be granted and that Plaintiff's action be dismissed with prejudice as to all Defendants.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant

---

[3] To the extent Plaintiff argues that his "Inmate's Request to Staff Member" forms constitute "grievances" within the meaning of the PLRA, the record is clear that Plaintiff did not timely appeal from any responses provided to him and therefore did not complete the administrative review process in accordance with the applicable procedural rules to satisfy the exhaustion requirement of the PLRA. Accordingly, the PLRA precludes the maintenance of this action in federal court. See, Nickens v. Department of Corrections, 277 F. App'x 148, 152 (3d Cir. 2008).

8

Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    /s/ Maureen P. Kelly
    MAUREEN P. KELLY
    UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2013

cc:    The Honorable Kim R. Gibson
    United States District Judge

    All counsel of record by Notice of Electronic Filing

    William R. Redshaw
    KL-6467
    SCI-Somerset
    1600 Walters Mill Road
    Somerset, PA 15510